UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT A. COLLINS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:18-CV-201-JD |
| CHRISTOPHER M. GOFF, ROBERT McCALLEN, ANDREW ANTRIM, BRYAN MICHAUD, JOSEPH W. EDDINGFIELD, JORDAN L. TANDY, SCOTT LONG, JOHN H. STEPHENS, WABASH CITY POLICE DEP'T, DAVID VANDERMARK, CLAYTON BIDDLE, PENNY BIDDLE and JEFFREY DEAN, | ) |
| Defendants. | ) |

## OPINION AND ORDER

*Pro se* plaintiff Robert A. Collins filed a complaint against thirteen defendants, including three state court judges, one state court prosecutor, two private attorneys, three private landowners, the president of Vandermark, Inc. (a building company), and Wabash, Indiana's mayor, building commissioner, and police department, alleging violations of 42 U.S.C. § 1983. As best the Court can discern from the allegations of the complaint, Collins contends that the defendants conspired to deprive him of various state rights during a civil case (85C01-1404-PL-265 *Vandermark, Inc. v. Jane Ann Miller & Robert Collins*) and criminal case (85D01-1606-CM-622 *Robert Collins v. State of Indiana*). Collins may also be contending that a conspiracy took place among the defendants leading up to the filing of the two state cases; however, such allegations are even less clear. Collins seeks to have the state cases removed to this Court [DE 4]. Because those state cases have been resolved, the Court DENIES AS MOOT the requested removal [DE 4].

Collins' *pro se* filings have resulted in a flurry of motions by defendants. These include motions to dismiss for lack of subject matter jurisdiction and failing to state a claim [DEs 20, 24, 35, 38, 45], as well as a motion for a more definite statement premised on the complaint's alleged failure to intelligibly identify the basis for jurisdiction and sufficiently apprise the defendants of their purported wrongdoing [DE 28]. For the reasons explained below, the Court agrees that the complaint suffers from jurisdictional and factual deficiencies and will allow this *pro se* plaintiff leave to amend his complaint pursuant to the guidance provided herein.

## I. FACTUAL BACKGROUND

Liberally construing Collins' complaint in his favor and relying on the pleadings/judgments from the state cases explicitly incorporated into Collins' complaint, it appears that back in 2014, Vandermark, Inc. filed a breach of contract action against Jane Miller and Robert Collins. Vandermark was represented by its President, Attorney Joseph Eddingfield, and the case was initially assigned to Judge McCallen, but then reassigned to Judge Antrim. Vandermark alleged that Jane Miller entered into a contract for household improvements to a home jointly occupied by Miller and Collins. The work was completed but final payment was not rendered. On May 18, 2018, plaintiff voluntarily dismissed Collins from the action and on June 15, 2018, judgment was rendered against Miller for the amounts owed under the contract.

While that civil lawsuit was pending against Collins, a neighborly spat over property rights occurred on or about May 24, 2016, between Collins and Clayton and Penny Biddle. The Wabash Police Department responded to the incident and criminal charges were filed by Prosecutor Bryan Michaud against Collins for criminal mischief. Judge Goff was assigned to the criminal case. Collins seemingly alleges that the Biddles and nearby landowners Jordan Tandy and Jeffrey Dean falsified allegations against Collins to deprive him of access to his property and have him face the threat of imprisonment (as the docket reflects that Collins remained at liberty

on his own recognizance). Ultimately, the prosecution voluntarily dismissed the charges on July 3, 2017.

Although the state cases have been resolved, it appears that Collins' complaint contends that Wabash's mayor, Scott Long, and building commissioner, John Stephens, could have amicably resolved the disputes involving Collins' property; but instead, conspired with the other defendants to deprive him of his property through means of intimidation, harassment, and excessive force.

Collins feels that he was treated unfairly and denied certain rights during the course of litigating the two state lawsuits because he was born in Kentucky, chose to proceed *pro se*, and is not a member of any attorney bar association. Collins' jurisdictional statement further asserts that this Court has jurisdiction to decide his claims which arose from his state civil and criminal proceedings, though he explicitly lists only state rights as being violated by the defendants.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of claims over which the Court lacks subject matter jurisdiction. In analyzing a motion to dismiss, the Court must accept as true all well-pled factual allegations and must draw all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Further, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id*. (citations omitted). The burden of establishing proper federal subject matter jurisdiction rests on the party asserting it. *Muscarello v. Ogle Cnty. Bd. of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010).

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the

light most favorable to the plaintiff, accepts the factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a plaintiff's claim need only be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). Although *pro se* complaints are held to a less stringent standard than those drafted by attorneys, the factual allegations "must nevertheless be enough to raise a right to relief above a speculative level." *Ledford v. Rutledge*, No. 1:17-CV-438-TLS, 2018 WL 4216820, at *3 (N.D. Ind. Sept. 4, 2018) (citing *Twombly*, 550 U.S. at 555). Allegations in the form of legal conclusions are insufficient. *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (internal citations omitted).

### III. DISCUSSION

#### A. Section 1983 Liability

Establishing section 1983 liability requires a plaintiff to demonstrate that he was deprived of a right secured by the Constitution or federal law at the hand of someone acting with authority under state law. *Hanania v. Loren-Maltese*, 212 F.3d 353, 356 (7th Cir. 2000) (citing *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir.), *cert. denied*, 525 U.S. 930 (1998)). A private individual has acted under color of law if there was a concerted effort between the individual and a state

actor. *Id*. Establishing section 1983 liability through a conspiracy theory requires a plaintiff to demonstrate that (1) the private individual and a state official reached an understanding to deprive the plaintiff of his constitutional rights (that is, the state actor must share the private actor's unconstitutional goal) and (2) the private individual was a willful participant in joint activity with the state or its agents. *Id.; see also Wilson v. Warren County, Illinois*, 830 F.3d 464, 468 (7th Cir. 2016). The facts of a complaint must suggest a "meeting of the minds" between the alleged conspirators. *Wilson*, 830 F.3d at 468. As for public defendants, a plaintiff must show that the defendants were personally responsible for the deprivation of his rights. *Id*. (citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). A defendant is personally responsible "if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent." *Id*.

First and foremost, Collins' complaint cannot proceed as filed because, although he has invoked 42 U.S.C. § 1983 as the vehicle for bringing his claims, he only identifies state law as the basis for the violations of his rights. However, section 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also West v. Atkins*, 487 U.S. 42, 48 (1988). Because the Court's section 1983 analysis begins by identifying the specific constitutional right allegedly infringed by the challenged conduct, yet Collins has not alleged any violation of federal law, the current complaint fails for lack of subject matter jurisdiction. *Id*. Thus, the motions to dismiss are granted to that extent and the state claims brought pursuant to section 1983 are dismissed for want of jurisdiction.

Even if this Court were to construe Collins' complaint as alleging violations of federal law, such as violations of the Fourth, Sixth, and Fourteenth Amendments given his concerns regarding excessive force, false arrest, insufficient due process, lack of equal protection, and non-adherence to his rights to self-representation and a speedy trial, his allegations still face jurisdictional problems and factual insufficiencies.

First, as argued by some defendants, Collins' claims appear to fail for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine. Under the *Rooker–Feldman* doctrine, federal courts other than the Supreme Court lack subject matter jurisdiction to hear cases that require them to review or set aside a state court judgment; only the Supreme Court can review the judgments of state courts. *Mains v. Citibank, N.A.*, 852 F.3d 669, 675 (7th Cir. 2017). "Claims that directly seek to set aside a state-court judgment are *de facto* appeals that trigger the doctrine." *Id.* "Another way of expressing the same point is to ask whether the federal plaintiff is alleging that his injury was caused by the state-court judgment." *Id.* In short, *Rooker–Feldman* applies "where the plaintiff seeks relief that is tantamount to vacating the state judgment," but it does not apply if the claim "does not seek to vacate the judgment of the state court and instead seeks damages for independently unlawful conduct." *Id.*

Because Collins explicitly alleges that the violations of his rights came about during the state civil and criminal proceedings, they are clearly barred by the *Rooker–Feldman* doctrine. For instance, to the extent Collins contests the civil judgment awarding damages against Miller or his being voluntarily dismissed from both proceedings without the benefit of a trial, these claims fall squarely within the *Rooker–Feldman* doctrine. *See Mains*, 852 F.3d at 675. The Court lacks jurisdiction over those claims, so the motions to dismiss are granted to that extent, and those claims are dismissed without prejudice.

To the extent Collins' claims do not challenge or seek to set aside the state judgments, but rather indicate that the defendants acted in an impermissible manner, then these claims would not be barred by the *Rooker–Feldman* doctrine. However, the factual allegations are still insufficient to survive dismissal because: (1) some of the state defendants are immune from suit; (2) a police department is not a proper defendant absent a policy or custom that violated Collins' rights; and (3) Collins has not set forth sufficient facts to establish a conspiracy—which is an obvious linchpin to all of his claims.

With respect to immunity, certain state officials are immune from suit. Collins asserts claims against Prosecutor Michaud and Judges Goff, McCallen, and Antrim for actions that they took during the state proceedings. For instance, Collins contends that the judges and prosecutor deprived him of due process, equal protection, the rights to a speedy trial and self-representation, and interfered with his property rights by forcing him to face false charges. However, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Similarly, "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Because Collins does not seemingly assert that the judges and prosecutors took actions against him outside of the two state lawsuits, the doctrines of prosecutorial and judicial immunity apply. Accordingly,

Collins cannot proceed on a claim for damages against the judges or prosecutor, and these claims are subject to dismissal.

With respect to bringing a section 1983 claim against a municipality or local governmental department, such as a police department, a plaintiff must demonstrate that he has suffered a deprivation of constitutional rights based on some official policy or custom of the municipality or department. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978). In that regard, "a direct causal link" must exist between the "municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). But nowhere in the complaint does Collins assert any constitutional deprivation as a result of an official policy or custom of the Wabash Police Department. As such, his claim against the police department would have to be rejected. To the extent Collins intended to raise a claim against unnamed individual officers, he has failed to adequately provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Because his generalized factual allegations against the "police" are not sufficient enough to raise a right to relief above a speculative level against individual officers, *Twombly*, 550 U.S. at 570, they are subject to dismissal without prejudice.

Finally, Collins' complaint clearly and unmistakably asserts that the thirteen defendants conspired to deprive him of his rights. But Collins' factual allegations supporting any conspiracy sprawl thirteen pages and make it difficult to understand whether he contends that more than one conspiracy existed. Moreover, throughout his complaint Collins repeatedly refers to "the defendants" who "conspired together" without identifying *which* defendants took certain actions to violate specified rights. Given the convoluted and extensive nature of the complaint, it is impossible to identify which private individuals and state officials reached certain

understandings to deprive Collins of his constitutional rights, and to identify how those private individuals were willful participants in joint activity with the state agents. *See Wilson*, 830 F.3d at 468. Therefore, even if the facts suggest that various unconstitutional goals were shared by the various defendants, to repeat, the allegations are far too ambiguous to discern which actions were taken by which defendants in furtherance of which alleged conspiracy. *See Amundsen v. Chicago Park Dist.*, 218 F.3d 712, 718 (7th Cir. 2000) (indicating that vague and conclusory allegations of the existence of a conspiracy are not enough to sustain a plaintiff's burden and a complaint must contain factual allegations suggesting that the defendants reached a meeting of the minds). While Collins invoked the term "conspiracy" numerous times in his complaint, he did not specifically allege the "who, what, when, why, and how" of the defendants' supposed agreements to deprive him of his constitutional rights. *See Brokaw v. Mercer County*, 235 F.3d 1000, 1016 (7th Cir. 2000). In sum, Collins' allegations of a conspiracy are vague, ill-defined, and fall far short of stating a claim upon which relief can be granted. *See Srivastava v. Cottey*, 83 F. App'x 807, 810 (7th Cir. 2003) (a complaint alleging conspiracy under section 1983 must at least contain notice of time, scope, and parties involved).

    **B. Leave to Amend the Complaint**

"Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint or other pleading." *Indep. Trust Corp. v. Stewart Info. Serv. Corp.*, 665 F.3d 930, 943 (7th Cir. 2012). Further, a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

While the shortcomings of the complaint detailed herein limit the ability to assess the potential merit of Collins' *pro se* claims, the Court believes justice so requires giving Collins an opportunity to file an amended complaint because he is proceeding *pro se* and may indeed be

able to plead a viable claim concerning constitutional harms. Collins may obtain a copy of this Court's approved form – Civil Complaint (INND Rev. 8/16) – on the Court website at https://www.innd.uscourts.gov/sites/innd/files/CvCmplt.pdf. If he chooses to file an amended complaint, he must put the cause number of this case on it, which is on the first page of this Order. He should name the individuals responsible for his claims as defendants (unless they are immune) and must describe his interactions with each defendant in detail, including names, dates, locations, and explain how each defendant was responsible for violating his federal rights. He should also avoid using pronouns such as "they" and "theirs" and he should not generally refer to "a defendant" or "the defendants."

## IV.  CONCLUSION

For these reasons, the Court:

(1) DENIES AS MOOT the motion for removal [DE 4];

(2) GRANTS the motions to dismiss on the basis provided herein [DEs 20, 24, 35, 38, 45];

(3) DENIES AS MOOT the motion for a more definite statement [DE 28];

(4) GRANTS Robert Collins until February 11, 2019, to file an amended complaint; and

(5) CAUTIONS Robert Collins that, if he does not respond by this deadline, the case will be dismissed without further notice.

SO ORDERED.

ENTERED:  January 9, 2019

/s/ JON E. DEGUILIO
Judge
United States District Court